# Ward, Appellant, *v.* United Coal Co.

*Contract—Sale—Rescission.*

Where a contract for the sale of a locomotive, made by correspondence, provides for payment of "$650 net cash upon presenta-

tion of the bill of lading," and the purchaser by a later letter stipulates for a different date and method of payment, the seller is justified in rescinding the contract.

Argued October 19, 1920. Appeal, No. 181, Oct. T., 1920, by plaintiff, from judgment of C. P. Allegheny Co., July T., 1919, No. 823, on verdict for defendant, in case of William Ward, trading as the William Ward Machinery Co., v. United Coal Co., now the Hillman Coal & Coke Co. Before BROWN, C. J., MOSCHZISKER, FRAZER, WALLING, SIMPSON and KEPHART, JJ. Affirmed.

Assumpsit for breach of contract. Before CARPENTER, J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for defendant. Plaintiff appealed.

*Error assigned,* inter alia, was refusal of plaintiff's motion for judgment n. o. v., quoting record.

*Hill Burgwin,* of *Burgwin, Scully & Burgwin,* for appellant.

*Thomas Watson,* for appellee, was not heard.

PER CURIAM, December 31, 1920:

Plaintiff's claim was for damages for the failure of the defendant to sell and deliver a locomotive to him. The terms of payment were not open to dispute. They were, as stated in a letter from defendant to plaintiff, dated November 17, 1917, "$650 net cash upon presentation of the bill of lading." Later the latter wrote to the former, stating, "Thirty days from date from receipt of your invoice with bill of lading attached thereto, we will be pleased to mail you our check for the purchase price of this machine, namely, $650 all in accordance with your favor of Nov. 17, 1917." This justified defendant's remission of the contract, and nothing was de-

veloped at the trial that called for a refusal of defendant's request for the direction of a verdict in its favor.

Judgment affirmed.